IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GARY McEWIN, )
)
    Plaintiff, )
)
v. ) Case No. CIV-16-447-STE
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the case for further administrative proceedings.

## I.    PROCEDURAL BACKGROUND

Plaintiff's application was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 19-30). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 7, 2011, the alleged disability onset date. (TR. 21). At step two, the ALJ determined Mr. McEwin had "severe" depressive disorder. (TR. 21). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 23).

At step four, the ALJ found that Plaintiff was not capable of performing his past relevant work. (TR. 28). The ALJ further concluded that Mr. McEwin had the residual functional capacity (RFC) to

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple and some complex tasks with routine supervision, no public contact, and no customer service work. The claimant is able to interact appropriately with supervisors and coworkers on a superficial work basis and he is able to adapt to work situations.

(TR. 25).

Based on the finding that Mr. McEwin could not perform his past relevant work, the ALJ proceeded to step five. There, he presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 67). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 68). The ALJ adopted the testimony of the VE and concluded that Mr. McEwin was not disabled based on his ability to perform the identified jobs. (TR. 29-30).

## III. ISSUE PRESENTED

On appeal, Plaintiff alleges error in the analysis of an opinion from a state agency physician.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ERROR IN THE ALJ'S EVALUATION OF A STATE AGENCY OPINION

On September 3, 2014, state agency physician Dr. William Farrell assessed Mr. McEwin's mental RFC. (TR. 95-97). Plaintiff alleges that the ALJ erred in her evaluation of Dr. Farrell's opinions and the Court agrees.

### A. ALJ's Duty to Evaluate Medical Opinions

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why. SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). "[T]here is no requirement in the regulations for a

direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Ultimately, ALJs are required to weigh medical source opinions and to provide "appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 1996 WL 374183, at *5.

### B. Evidence from Dr. William Farrell

At the reconsideration level, state Agency non-examining psychologist Dr. William Farrell assessed Mr. McEwin's mental RFC in four areas: (1) understanding and memory, (2) sustained concentration and persistence, (3) social interaction, and (4) adaptation. (TR. 95-97). In each area, Dr. Farrell rated specific functional limitations (i.e.--mild, moderate, severe) and provided a narrative explanation which described how the evidence supported each conclusion. (TR. 95-97). In "understanding and memory," Dr. Farrell stated that Plaintiff was moderately limited in his ability to understand and remember detailed instructions. (TR. 95). By means of explanation, Dr. Farrell stated that Mr. McEwin retained the capacity to understand and remember simple 1-3 step instructions. (TR. 96).

In the area of "sustained concentration," Dr. Farrell opined that Mr. McEwin was moderately limited in his ability to: (1) carry out detailed instructions and (2) complete

4

a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Dr. Farrell explained that Mr. McEwin retained the capacity for concentration, persistence, and pace for 1-3 step instructions for 2 hour periods over an 8 hour day throughout a 40-hour week. (TR. 96).

In the area of "social interaction," Dr. Farrell opined that Plaintiff was moderately limited in his ability to: (1) interact appropriately with the general public and (2) get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (TR. 96). By means of explanation, Dr. Farrell stated that Plaintiff could relate to others on a superficial basis. (TR. 97).

Finally, in the area of "adaptation," Dr. Farrell concluded that Plaintiff had moderate limitations in his ability to respond appropriately to changes in the work setting. (TR. 97). By means of explanation, the physician stated that Plaintiff retained the adaptive capacity to deal with routine changes and safety issues in the work setting. (TR. 97).

After rating and explaining each area, the form contained a section for "MRFC— Additional Explanation." (TR. 97). There, Dr. Farrell stated that Mr. McEwin could: (1) perform simple and some complex tasks, (2) relate to others on a superficial work basis, and (3) adapt to a routine work situation. (TR. 97).

### C. The ALJ's Evaluation of Dr. Farrell's Opinion

In the administrative decision, the ALJ discussed Dr. Farrell's opinions, first noting that the physician had adopted the same opinion as another SSA doctor who had concluded that Plaintiff "[wa]s capable of performing simple and some complex tasks,

relating to others on a superficial basis, and adapting to a work situation." (TR. 27).

The judge went on to discuss Dr. Farrell's specific findings, stating:

> Dr. [Farrell] stated that the claimant retains the adaptive capacity to deal with routine changes and safety issues and the capacity for concentration, persistence, and pace for one to three-step instructions for two-hour periods over an eight-hour day throughout a 40-hour workweek.

(TR. 27). The ALJ accorded "great weight" to Dr. Farrell's opinions, stating that they were consistent with Dr. Danaher's consultative examination, which was "the most thorough mental examination of the claimant within the record." (TR. 27). In the RFC, the ALJ stated:

> [Mr. McEwin] is limited to simple and some complex tasks with routine supervision, no public contact, and no customer service work. The claimant is able to interact appropriately with supervisors and coworkers on a superficial basis and he is able to adapt to work situations.

(TR. 25).

### D. The Parties' Arguments

Plaintiff argues that remand is warranted because the ALJ failed to apply the correct legal standard in evaluating Dr. Farrell's opinions. (ECF No. 14:5-9). Dr. Farrell had opined that Plaintiff:

(1) had moderate limitations in his ability to adapt to changes in the work setting and

(2) could only perform 1-3 step instructions for 2-hour periods over an 8-hour day throughout a 40-hour workweek.

(ECF No. 14:7-9). Plaintiff argues that the ALJ did not incorporate these limitations into her RFC assessment or the hypothetical question to the VE even though she said she

gave Dr. Farrell's opinion "great weight." (ECF No. 14:7-8).[1] Plaintiff argues that the implicit rejection of these opinions without explanation constitutes an impermissible picking and choosing from Dr. Farrell's opinion. (ECF No. 14:7-8) (citing *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007).

In response, the Commissioner argues that based on the instructions printed on the doctor's mental RFC assessment (MRFCA) form, and certain sections of the SSA's Program Operations Manual System (POMS), the ALJ need not make findings on the challenged opinions because those portions of Dr. Farrell's opinion did not reflect Plaintiff's ultimate RFC. (ECF No. 20:6-8).

Specifically, the Commissioner argues that the omitted opinions were:

Preliminary Section I findings that addressed the severity of Plaintiff's impairments, not functional limitations as required for a Section III RFC determination. It was this ultimate opinion on Section III of the MRFCA form—not the summary conclusions from Section I—that the ALJ was required to consider and weigh as part of the residual functional capacity analysis.

(ECF No. 20:6-7). Thus, Ms. Colvin concludes that the ultimate RFC determination (which included Plaintiff's ability to do simple and some complex tasks, interact with supervisors and co-workers on a superficial basis, and adapt to work situations) reflected "verbatim the mental limitations opined by Dr. Farrell in Section III of the MRFCA form" along with additional limitations of no public contact or customer service work, which is all the ALJ was required to do. (ECF No. 20:7).

---

[1] Plaintiff also argues that the ALJ failed to address Dr. Farrell's opinion that Plaintiff had moderate limitations in his ability to "adapt to a routine work situation." (ECF No. 14:7). But Dr. Farrell did not make such finding, rather he concluded that Mr. McEwin *could* adapt to a routine work situation. (TR. 97).

### E. Error in the ALJ's Treatment of Dr. Farrell's Opinions

At the initial and reconsideration stages of evaluating a disability application, the ultimate issue of disability is made by a "medical consultant." POMS § DI 24501.00(B)(2). To record the RFC assessment, the medical consultant uses form SSA-47340F4-SUP—the MRFCA form. POMS DI §§ 24510.005(B)(2); 24510.061(A). Section I of the form is for the doctor to "record preliminary conclusions about the effect of the impairment(s) on each of four general areas of mental function" and "Section III" of the form is for the doctor to record a narrative explanation which reflects each of the findings in Section I. POMS § DI 24510.061(A).

At the reconsideration level in the instant case, the adjudicator medical consultant was Dr. Farrell. However, Dr. Farrell's opinion is not reflected on the SSA-47340F4-SUP form, and there are no clear "Section I" and "Section III" findings. *See* TR. 95-97. Nonetheless, Dr. Farrell rated each area of mental function and provided accompanying narrative explanations. (TR. 95-97). Likewise, the parties seem to agree that the challenged opinions fall under what is traditionally considered as "Section I" while "Section III" consists of Dr. Farrell's findings that Mr. McEwin can: (1) perform simple and some complex tasks, (2) relate to others on a superficial work basis, and (3) adapt to a routine work situation. *See* ECF Nos. 20:6-8; 21:2-5. The parties also agree that the ALJ did not include the challenged opinions in the RFC or the hypothetical. Thus, the dispositive question is whether the ALJ was entitled to reject, without explanation, the "Section I" findings in his ultimate RFC determination. In this case, the answer is no.

The Tenth Circuit has held that "[w]here a psychologist's Section III narrative does not contradict any Section I limitations and describes the effect each Section I limitation would have on the claimant's mental RFC, the ALJ may properly look to only the Section III narrative as the psychologist's opinion regarding mental RFC." *Fulton v. Colvin*, 631 F. App'x. 498, 502 (10th Cir. 2015) (citing *Carver v. Colvin*, 600 F. App'x. 616, 618–19 (10th Cir. 2015)). However, that does not mean that the ALJ can turn a blind eye to Section I limitations. *Carver*, 600 F. Appx. at 619. "[I]f a consultant's Section III narrative fails to describe *the effect* that each of the Section I moderate limitations would have on the claimant's ability, *or if it contradicts* limitations marked in Section I, the MRFCA *cannot* properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Id.*

In the instant case, the RFC determination only reflected Dr. Farrell's "Section III" findings which concluded that Plaintiff could: (1) perform simple and some complex tasks, (2) relate to others on a superficial work basis, and (3) adapt to a routine work situation. *Compare* TR. 25 *with* 97. But as noted by Plaintiff, the RFC did not reflect portions of Dr. Farrell's "Section I" findings which stated that Plaintiff:

(1) had moderate limitations in his ability to adapt to changes in the work setting and

(2) could only perform 1-3 step instructions for 2-hour periods over an 8-hour day throughout a 40-hour workweek.

The ALJ was not freed from her responsibility to discuss the "Section I" findings by directly adopting Dr. Farrell's "Section III" findings for two reasons. First, in "Section I" Dr. Farrell had concluded that Plaintiff had moderate limitations in the area of adaptation, and he explained that this meant that Plaintiff "retained the adaptive

9

capacity to deal with routine changes and safety issues." (TR. 97). The implicit conclusion, therefore, was that Plaintiff had moderate limitations in adapting *outside* the areas of "routine changes and safety issues." But the Section III narrative failed to account for Dr. Farrell's specific conclusion by expanding, without explanation or support, Plaintiff's ability to adapt to *all* "routine work situation[s.]" Because the "Section III narrative [regarding Plaintiff's ability to adapt to a routine work situation] fails to describe the effect that . . . the Section I moderate limitations [in Plaintiff's ability to adapt]," the ALJ could not, without explanation, reject Dr. Farrell's conclusions that Plaintiff was moderately limited in his ability to respond appropriately to changes in the work setting.

Second, and more bothersome, is the ALJ's rejection, without explanation, of Dr. Farrell's opinion that Mr. McEwin could only perform 1-3 step instructions for 2-hour periods over an 8-hour day throughout a 40-hour workweek. Dr. Farrell reached this conclusion after determining that Plaintiff was moderately limited in his ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (TR. 96). But the Section III findings failed to account for this limitation, instead stating that Plaintiff was capable of "adapt[ing] to a routine work situation" with no mention of Mr. Farrell's moderate limitations in his ability to complete a normal workday without an unreasonable number of rest periods. Dr. Farrell's statement that Plaintiff could perform "for two-hour periods" suggested a need for breaks at least every two hours, but the RFC determination made no such finding was

10

silent on the issue, despite the ALJ's explicit discussion of the limitation and subsequent statement that he was according all of Dr. Farrell's opinions "great weight." (TR. 27).

Because the "Section Three" narrative "*contradicts* limitations marked in Section I," it cannot properly "be considered part of the substantial evidence supporting an ALJ's RFC finding" and reversal is warranted. *See Gonzales v. Colvin*, 2016 WL 4091171 at *4 (ALJ committed reversible error in adopting only a "Section III" narrative which reflected claimant's ability to do work which could be learned in one month's time while failing to adopt a "Section I" finding that claimant was moderately impaired her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods).

Plaintiff also alleges that the ALJ's error in evaluating Dr. Farrell's opinion, affected the step five findings. (ECF No. 14:9). But the Court will not consider this argument, as it is premature pending the ALJ's reconsideration of the opinion. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

**F.    Summary**

In *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), the Tenth Circuit Court of Appeals held that an ALJ erred in failing to explain why he adopted some of a consultative examiner's restrictions but rejected others. *Haga*, 482 F.3d at 1208. "[T]he ALJ did not state that any evidence conflicted with [the CE's] opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of [the CE's]

11

restrictions but not others." *Id.* The court, therefore, remanded "so that the ALJ [could] explain the evidentiary support for his RFC determination." *Id.*

To be sure, the ALJ was entitled to reject portions of Dr. Farrell's opinions. But under *Haga*, she was not allowed to do so without explanation. Here, the ALJ thoroughly discussed Dr. Farrell's opinions and accorded them "great weight." (TR. 25). But as the RFC demonstrates, the ALJ implicitly rejected portions of Dr. Farrell's opinions concerning Plaintiff's moderate limitations in his ability to: (1) adapt to changes in the work setting and (2) complete a normal workday and work week without an unreasonable number and length of rest periods. Absent an explanation for rejecting the opinions, the ALJ's actions were impermissible under *Haga* and are not salvaged by Ms. Colvin's argument regarding "Section I" versus "Section III" findings. Because the ALJ failed to explain why she omitted portions of Dr. Farrell's opinions that conflicted with the doctor's "Section III" findings, remand is appropriate.

## ORDER

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** the case for further administrative proceedings.

ENTERED on November 21, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE